CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 2 6 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08-cr-00040 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| CARLOS SANTANA MORRIS, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Carlos Santana Morris, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that his drug and firearm convictions were obtained because of prosecutorial misconduct and counsels' ineffective assistance and that a subsequent change in the definition of cocaine base warrants his release from incarceration. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss and dismiss the § 2255 motion.

**I.**

During the fall of 2008, law enforcement officers had an informant make a series of controlled purchases of cocaine, cocaine base, and a firearm from petitioner. In November 2008, a grand jury in the Western District of Virginia returned a seven-count indictment against petitioner for crimes involving the distribution of cocaine and cocaine base while being a felon who discharges and possesses firearms. During petitioner's initial appearance on March 17, 2009, the court appointed an Assistant Federal Public Defender to represent petitioner and subsequently scheduled a trial for May 26, 2009. On May 18, 2009, I granted counsel's request for a continuance to serve the ends of justice because counsel and petitioner needed more time to complete plea negotiations and to prepare for trial.

Five days before the new trial date of August 25, 2009, I granted counsel's motion to withdraw and petitioner's motion to appoint new counsel due to a breakdown of the attorney-client relationship, and I appointed a new attorney from the court's Criminal Justice Act ("CJA") Panel.[1] I also ordered that the trial date be continued to serve the ends of justice until December 14, 2009, 272 days after petitioner's initial appearance.

Petitioner's trial began on December 14, 2009. The United States' case in chief included an audio and video recording of the informant's purchases from petitioner. The video displayed subtitles to more clearly communicate the audio recording. The law enforcement officers who worked with the informant and listened to the communications between the informant and petitioner in real time during the purchases reviewed the subtitles and testified that the subtitles fairly and accurately represented what they heard in real time. I instructed the jury that the subtitles were merely an aid to interpret the recordings and were not evidence.

The jury ultimately found petitioner guilty of one count of distributing five grams of cocaine base, three counts of distributing cocaine, one count of discharging a firearm in relation to a drug trafficking crime, and one count of being a convicted felon in possession of a firearm.[2] I sentenced petitioner to, inter alia, 230 months' incarceration, and the Fourth Circuit Court of Appeals affirmed petitioner's conviction.

Petitioner timely filed the instant § 2255 motion, arguing that counsels' performance violated the Sixth Amendment right to the effective assistance of counsel and that the prosecutor's misconduct violated the Fifth Amendment right to due process. Shortly after the

---

[1] Petitioner and counsel told me that they independently recognized irreconcilable differences in strategy. Petitioner did not believe counsel zealously represented his interests, and counsel alleged that petitioner refused to cooperate with preparations for trial.

[2] I granted the United States' motion to dismiss one count of distributing cocaine.

court had the § 2255 motion served on the United States, petitioner filed a supplemental memorandum, arguing that a change in the definition of cocaine base after his convictions warrants his release from incarceration.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences via motions pursuant to 28 U.S.C. § 2255, addressing jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 784 (1979). A petitioner seeking relief under § 2255 must prove that: (1) the sentence violated the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). None of petitioner's claims state a violation of federal law, and consequently, the § 2255 motion must be dismissed.

A. PETITIONER FAILS TO STATE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

Petitioner alleges three claims of ineffective assistance of trial counsel. First, counsel was ineffective for not filing a motion to dismiss the indictment for a violation of the Speedy Trial Act. Second, counsel was ineffective for not filing a motion for a new trial based on prejudicial subtitles used when playing video recordings of the controlled drug purchases. Third, counsel was ineffective for stipulating the drug weight.

3

Petitioner fails to satisfy the two-pronged test for ineffective assistance of counsel claims as set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[3] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id. If a petitioner has not satisfied one prong of the Strickland test, as court does not need to inquire whether the petitioner has satisfied the other prong. Id. at 697.

Petitioner cannot prove that counsel rendered ineffective assistance for not filing a motion to dismiss the indictment based on the Speedy Trial Act. Generally, the Speedy Trial Act requires that the trial of a defendant who has been charged in an indictment commence within seventy days of the later of either (1) the indictment's filing date or (2) the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). However, this period may be tolled for many reasons, including if a court orders a continuance, either sua sponte or by motion, in order to serve "the ends of justice." 18 U.S.C. § 3161(h)(7)(A).

---

[3] Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

The Assistant Federal Public Defender obtained one continuance in furtherance of "the ends of justice" to complete plea negotiations and to prepare for trial because petitioner was not cooperating with counsel's efforts and a breakdown in their relationship was occurring.[4] I subsequently appointed the CJA Panel attorney, due in part to petitioner's motion to appoint new counsel, four days before the scheduled trial date. As I explained when sua sponte continuing the trial date:

> [T]he ends of justice served by the granting of a continuance outweigh the best interest of the public and defendant in a speedy trial, pursuant to [18 U.S.C. §] 3161(h)(8)(A)[5] of the Speedy Trial Act. The court makes this finding because a failure to grant such a continuance would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(Order for Second Continuance (ECF no. 34) 1.) Accordingly, my orders granting the motion for a continuance and granting a sua sponte continuance complied with the exceptions to the Speedy Trial Act, and neither counsel will be considered ineffective for not filing a frivolous motion to dismiss based on a Speedy Trial Act violation that clearly did not exist.[6]

Petitioner also cannot prove that trial counsel's decision to not file a motion for a new trial because of the subtitles constitutes ineffective assistance. The Fourth Circuit Court of Appeals determined during petitioner's direct appeal that "the district court's instructions to the

---

[4] Petitioner also signed a "Waiver of Speedy Trial" in support of counsel's motion for a continuance, agreeing to "waive [his] rights under the Speedy Trial Act and expressly consent[ing] to the trial of [this] case being set outside the 70-day time limit imposed under said Act." (Waiver (ECF no. 22) 1.) I did not grant the continuance solely due to petitioner's waiver because a defendant may not prospectively waive the right to a speedy trial under the Speedy Trial Act. Zedner v. United States, 547 U.S. 489, 503 (2006).

[5] The Speedy Trial Act was amended in October 2008, moving the ends of justice exclusion from 18 U.S.C. § 3161(h)(8) to 18 U.S.C. § 3161(h)(7).

[6] Furthermore, petitioner fails to establish prejudice under Strickland, even assuming a motion to dismiss would be successful, because nothing in the record supports the conclusion that I would have dismissed the indictment with prejudice. See 18 U.S.C. § 3162(a)(2) (authorizing a district court to dismiss an indictment either with or without prejudice when a defendant is not timely brought to trial pursuant to the Speedy Trial Act).

5

jury prevented any prejudice that may have resulted from any discrepancies between the audio [of the video recordings] and the subtitles." United States v. Morris, F. App'x 758, 759 (4th Cir. 2011). The Court of Appeals concluded that I did not abuse my discretion in allowing the jury to read the subtitles because the law enforcement officers who monitored the controlled buys and listened to the conversations in real time each testified that the subtitles fairly and accurately directed the recording. Petitioner fails to establish how counsel had any reasonable basis to pursue a motion for a new trial about the subtitles or that a reasonable probability exists that I would have granted that motion and that a new jury would not have found petitioner guilty at a second trial without the subtitles.

Finally, petitioner cannot establish that trial counsel rendered ineffective assistance by stipulating to the laboratory certification of the cocaine's composition and weight. The relevant stipulation made during trial was that "the lab certificates . . . are admissible to show the chemical composition and weight of the substances provided to the police by the confidential informant, and that no lab chemist needs to be called to testify for this purpose." (Tr., Day 2, 90:7-11.) The stipulation as to the reliability of the lab analysis effectively waived petitioner's right to confront the lab chemist who prepared the report, but the stipulation did not divest the jury of its responsibility to attribute a quantity of illegal drug, if at all, to petitioner.[7] See, e.g., Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009) (discussing the relationship between the Confrontation Clause and laboratory certificates of analysis). Thus, the jury could either accept

---

[7] The fact that counsel stipulated to the laboratory certificates reflects a strategic decision that "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1988) ("Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.").

or reject, in full or in part, the chemist's determination of the drug weight, and petitioner cannot succeed on his allegation that counsel stipulated to the drug weight.

B. PETITIONER FAILS TO STATE A CLAIM OF PROSECUTORIAL MISCONDUCT.

Petitioner alleges that the prosecutor secured petitioner's indictment by knowingly using the informant's false testimony. Petitioner asserts without support that law enforcement officers knew, or should have known, that the informant disliked petitioner and that the officers should have doubted any of the evidence obtained from the informant. Petitioner simply attributes these officers' alleged knowledge to the prosecutor, who allegedly violated due process by not disclosing these facts to the grand jury.

This claim fails because, even if the officers knew of the informant's dislike of petitioner and this knowledge could be attributed to the prosecutor, the prosecutor was not obligated to advise the grand jury of exculpatory information. United States v. Williams, 504 U.S. 36, 51-52 (1992). Furthermore, any error in the grand jury proceedings is deemed harmless because the petit jury found petitioner guilty of the crimes described in the indictment. United States v. Mechanik, 475 U.S. 66, 70 (1986). Accordingly, petitioner fails to state a claim of prosecutorial misconduct.

C. PETITIONER'S AMENDED CLAIMS ARE NOT TIMELY FILED.

Petitioner filed a supplemental memorandum of law within twenty-one days after the petitioner's § 2255 motion was served on the United States. The court treated the supplemental memorandum as an amendment to the § 2255 motion and directed the United States to respond to i. See Fed. R. Civ. P. 15(a)(1) (permitting an amendment as a matter of course). Petitioner's

argues in the amended claim that <u>DePierre v. United States</u>, ___ U.S. ___, 131 S. Ct. 2255 (2011), changed the definition of cocaine base so to require his release from incarceration.[8]

The United States asks the court to dismiss the amended claims as untimely filed. Claims filed pursuant to § 2255 must be filed within a one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final on June 20, 2011, when the Supreme Court of the United States denied petitioner's petition for a writ of certiorari. Petitioner filed his supplemental memorandum of law more than one year later on July 2, 2012. <u>See</u> Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule). Petitioner's amendments were also not filed within one year of <u>DePierre</u>, which the Supreme Court of the United States issued on June 9, 2011, even if <u>DePierre</u> retroactively applied to cases on collateral review. <u>See United States v. Crump</u>, No. 7:06-cr-00007-1, 2012 U.S. Dist. LEXIS 23179, at *5, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012) (Wilson, J.) (stating <u>DePierre</u> did not retroactively apply to cases on

---

[8] <u>DePierre</u> held that the text of former 21 U.S.C. § 841(b)(1)(A)(iii), which required a mandatory minimum ten-year sentence for 50 grams or more of cocaine base, encompassed any form of cocaine in its basic form, not just crack cocaine. 131 S. Ct. at 2237.

collateral review), certificate of appealability denied, 474 F. App'x 241 (4th Cir. 2012). Thus, petitioner's amendment is untimely under § 2254(f)(1) and (f)(3), and the amendment could only be timely if it "relates back" to petitioner's timely filed § 2255 motion.

Rule 15(c), Fed. R. Civ. P., allows an amendment to relate back to an original pleading if, inter alia, the amendment "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" An § 2255 amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type of those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) ("The fact that amended claims arises from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)."); Hebner v. McGrath, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough [to relate back] that the new argument pertains to the same trial, conviction, or sentence."). Petitioner's amended claim based on DePierre and the definition of cocaine base does not relate to the facts or laws for the ineffective assistance of counsel or prosecutorial misconduct claims raised in the § 2255 motion. Accordingly, petitioner's amendment does not relate back to the time of filing for the § 2255 motion, and the amendment must be dismissed as untimely filed.

### III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's § 2255 claims. Based upon my finding that the petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the petitioner and counsel of record for the United States.

**ENTER**: This 20th day of November, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge